**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**


EMANUEL VANCE                                                    PLAINTIFF

VS.                              2:05CV00316-WRW

RICHARD YOUNG, in his individual
capacity as former Superintendent of the Brinkley
Public Schools; BRINKLEY PUBLIC SCHOOLS;
RANDY BYRD, in his official capacity
as Superintendent of the Brinkley Public Schools; and
RANDOLPH CANNON, in his individual and official
capacities as Principal of Brinkley High School              DEFENDANTS


**ORDER**

Pending is Defendant Richard Young's ("Young") Motion for Summary Judgment.[1]

Plaintiff responded[2] and Young replied.[3]

Plaintiff, Emanuel Vance, brings his cause of action under 42 U.S.C. § 1983 and alleges

that Young violated his Fourteenth Amendment rights through inequitable work assignments and

by disciplining Plaintiff more severely than another similarly situated employee.

**I. Background**

Plaintiff is an African American who taught in the Brinkley Public Schools from 1984 to

2002.[4]  Plaintiff worked as an Industrial Education Instructor, teaching students fundamental

---

[1]Doc. No. 26.

[2]Doc. No. 32.

[3]Doc. No. 37.

[4]Doc. No. 22.

1

carpentry, brick masonry, and concrete finishing through hands-on training.[5]   In order to provide

this type of training, Plaintiff asked for, and was assigned, maintenance duties that included

pouring concrete, working on bathrooms, and building shelves.   Plaintiff was also assigned work

that had nothing to do with his curriculum.[6]

Beginning in September 2001, the principal of the school, Defendant Randolf Cannon

("Cannon"), reprimanded Plaintiff for allegedly leaving campus without signing out and for

leaving his students unsupervised.[7]   Plaintiff refutes Cannon's charges -- stating that, at most, he

was three minutes late to his class on one occasion, and missed lunch duty on another occasion.[8]

On March 20, 2002, Cannon wrote Young and recommended nonrenewal of Plaintiff's

contract.   Based on this, Young notified Plaintiff that termination would be recommended to the

school board.   On May 16, 2002, the school board agreed with Young's recommendation.[9]

Plaintiff alleges that he was summarily terminated for  minor infractions, while, on the

other hand, Young hesitated to discipline a similarly situated Caucasian employee -- Coach Scott

Barnes ("Coach Barnes").[10]   Barnes coached football and taught school.   According to school

correspondence, Coach Barnes received numerous reprimands for severe offenses that included

threatening other teachers, punching another coach in the stomach, and otherwise openly

---

[5]Doc. No. 26, Plaintiff's Deposition, p. 14.

[6]*Id.* at 55-59.

[7]Doc. No. 22.

[8]Doc. No. 36, Plaintiff's Deposition, pp. 31-42.

[9]*Id.* at Ex. 7.

[10]*Id.* at Ex.13.

disregarding school policy.[11]  Moreover, Coach Barnes was placed on a "Teacher Improvement Plan" for two years before being cited for non-compliance.[12]  By comparison, there is no evidence that Plaintiff was given the option of signing up for a "Teacher Improvement Plan" before being formally reprimanded.

Plaintiff argues that Defendant Young (1) violated his right to equal protection by recommending his termination for minor infractions, while being more lenient with Coach Barnes; and (2) by requiring Plaintiff and his students to provide free maintenance work for school renovations, even though some required tasks did not conform to the course curriculum.

Young argues that  (1) there is no evidence creating a disputed material fact that Young's termination recommendation was racially motivated; and (2) there is no evidence that assigning Plaintiff routine maintenance work was discriminatory.

## II.  Standard of Review

Summary judgment should seldom be used in discrimination cases.[13]  It is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[14]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that

---

[11]*Id.*

[12]*Id.*

[13]*Lynn v. Deaconess Medical Center-West Campus*, 160 F.3d 484, 486 (8th Cir. 1998).

[14]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[15]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[16]  Such caution is used, in part, because discrimination cases often depend on inferences, rather than direct evidence.[17]

Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[18]  This Court must view the facts in the light most favorable to the party opposing the motion.[19]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[20]

---

[15]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[16]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[17]*Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000).

[18]*Id.* at 728.

[19]*Id.* at 727-28.

[20]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[21]

## III.  Authority

Under § 1983, a plaintiff must demonstrate a violation of a right secured by the Constitution and laws of the United States committed by a person acting under the color of state law.[22]   Under § 1983, there is no *respondeat superior* liability -- a supervisor cannot be held vicariously liable for the his subordinate's misconduct.[23]

A plaintiff must demonstrate that each defendant either affirmatively violated his constitutional rights, condoned the violation, knew about it and did nothing, or should have known about it and failed to prevent it.  The Eighth Circuit Court of Appeals explained § 1983 liability by holding that a plaintiff must establish either "direct personal participation in the deprivation or by participation setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional injuries on third parties."[24]

Intentional race discrimination by persons acting under color of state law violates the Equal Protection Clause of the Fourteenth Amendment, and is actionable under § 1983.[25]

---

[21]*Anderson*, 477 U.S. at 248.

[22]*W. v. Atkins*, 487 U.S. 42, 48 (1988).

[23]*Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006).

[24]*Darnell v. Ford*, 903 F.2d 556, 562 (8th Cir. 1990).

[25]*Lockridge v. Bd. of Trustees of Univ. of Ark.*, 315 F.3d 1005, 1016 (8th Cir. 2003).

Unequal treatment of persons who are entitled to be treated alike, is not an equal protection violation unless an element of intentional discrimination is present.[26]

When there is no direct evidence of intentional discrimination, the *McDonnell Douglas* burden-shifting analysis is applied to §1983 claims for summary judgment purposes.[27] Therefore, a plaintiff must present sufficient evidence to create a *prima facie* case of intentional discrimination[28] by showing that he (1) is a member of a protected class; (2) met the legitimate expectations of his employer; (3) was subjected to an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of the protected.[29]

Discriminatory intent is most often proved with evidence that similarly situated employees were treated differently.[30]  A plaintiff must show that (1) the comparison employee was similarly situated in all respects, and (2) the comparison employee's acts were of as serious as his own.[31] To satisfy the "similarly situated in all respects" standard, both employees must have dealt with the same supervisor, been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.[32]

---

[26]*Batra v. Bd. of Regents*, 79 F.3d 717, 721 (8th Cir. 1996) (citing *Snowden v. Hughes*, 321 U.S. 1, 8 (1944)).

[27]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 806-07 (8th Cir. 2003).

[28]*Hervey v. City of Little Rock*, 787 F.2d 1223, 1231 (8th Cir. 1986).

[29]*Richardson v. Sugg*, 448 F.3d 1046, 1061 (8th Cir. 2006).

[30]*Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (citing *Giles v. Henry*, 841 F. Supp. 270, 274-76 (S.D. Iowa 1993)).

[31]*Lanear v. Safeway Grocery*, 843 F.2d 298 (8th Cir. 1988).

[32]*Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000).

Government officials are entitled to qualified immunity unless their conduct violates clearly established statutory or constitutional rights.[33]  In considering qualified immunity, evidence of intent is an important element of the plaintiff's case because without intent, a plaintiff cannot show a violation of a clearly established law.[34]

## IV.  Discussion

Young argues that Plaintiff did not produce adequate evidence that Young's actions were motivated by intentional discrimination.  Young asserts that he recommended Plaintiff's termination at the urging of Cannon, not because Plaintiff is African-American.

Young attempts to shift responsibility to Cannon, by denying that he directly participated in an alleged violation of Plaintiff's right to equal protection.  In response, Plaintiff developed evidence showing that, when Young recommended Plaintiff's termination, he was aware of, and overlooked Coach Barnes' ongoing insubordination.

Moreover, Plaintiff's evidence established that Coach Barnes is similarly situated.  The records confirm that Coach Barnes had the same supervisors and was expected to conform to the same standards of other teachers.  Young produced no evidence of mitigating factors that would explain the disparity.

Plaintiff shows that he was treated unequally when Young disregarded numerous, serious infractions of Coach Barnes, while holding Plaintiff strictly accountable.  The best circumstantial evidence of discriminatory intent is in making such comparisons.  From this evidence, a reasonable juror could infer that Young intentionally held Plaintiff to a higher standard than

---

[33]*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Samuels v. Meriweather*, 94 F.3d 1163, 1166 (8th Cir. 1996); *McCaslin v. Wilkins*, 183 F.3d 775, 778 (8th Cir. 1999).

[34]*Thomas v. Talley*, 251 F.3d 743, 746 (8th Cir. 2001).

Coach Barnes.  So, Plaintiff offered enough evidence of discriminatory intent as a motivating factor in his termination.

The same is not true with respect to Plaintiff's allegations of unequal treatment based on the alleged unjustified job assignments.  Showing that a job assignment is unfair is not enough -- there must be a showing that Plaintiff's race was the reason.  Plaintiff presented no direct or circumstantial evidence that the alleged improper work assignments were tainted by intentional discrimination.

## V. Conclusion

For the reasons stated above, Defendant Young's Motion for Summary Judgment (Doc. No. 26) is DENIED in part and GRANTED in part.  Defendant's Motion for Summary Judgment with respect to Plaintiff's termination claim is DENIED, and his Motion for Summary Judgment on Plaintiff's claim of inequitable job assignments is GRANTED.

IT IS SO ORDERED this 6th day of July, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE