**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**EMANUAL VANCE**                                                                                      **PLAINTIFF**

**vs.**                                         **No.  2:05CV00316-WRW**

**BRINKLEY PUBLIC SCHOOLS; BETTY
MCGRUDER, in her official capacity as Superintendent
of the Brinkley Public Schools; RANDOLPH CANNON,
in his individual and official capacities as Principal
of Brinkley High School**                                                                    **DEFENDANTS**

*BRIEF IN SUPPORT OF MOTION FOR EQUITABLE RELIEF*

## I.      Plaintiff should be reinstated to the position of building trades instructor at Brinkley Public Schools

Former employees who successfully sue under 42 U.S.C. § 1983 are ordinarily entitled to

reinstatement as an equitable remedy, except under extraordinary circumstances. *See Cowan v.*

*Strafford R-VI School District*, 140 F.3d 1153 (8th Cir. 1998).   If such circumstances exist, then the

trial court has discretion to award front pay, another equitable remedy, to the former employee. *Id.*

There are no "extraordinary circumstances" making reinstatement inappropriate here. Three

members of the Brinkley Board of Education testified that they had a favorable opinion of Plaintiff

as an instructor and as a person.   Randy Cannon, who is still the high school principal, spoke

favorably at trial about Plaintiff's teaching skills.   Considering that Plaintiff seeks reinstatement,

there appears to be no hostility on either side that would prevent Vance from functioning effectively

once again as a building trades instructor.  Although he is currently a building trades instructor in

the Clarendon School District, the jobs are not comparable because Plaintiff would be making more

than $8,000 a year at Brinkley than he is currently earning.

## II.    In the alternative to reinstatement, Plaintiff should be awarded front pay

Front pay is an equitable remedy to be determined by the court and not by the jury. *See Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635, 641-43 (8th Cir. 1997). Plaintiff is a life-long resident of Brinkley and worked as a building trades instructor in the school district there for 17 years. There is no factual dispute that Plaintiff would have continued to work at Brinkley until the normal retirement age but for the discriminatory discharge. His one-year contract had been renewed every year without controversy. *See Curtis v. Electronics & Space* Corp., 113 F.3d 1498, 1503-05 (8th Cir. 1997) (finding presumption that ex-employee would have worked for former employer until normal retirement age); and *Neufeld v. Searle Lab*, 884 F.2d 335, 341 (8th Cir. 1989) (same).

Plaintiff moves that the Court grant him front pay through the end of the 2020-21 school year. He will not reach the normal retirement age of 65 until November 29, 2020. For the 2008-09 school year, Plaintiff's salary at Clarendon is $37,560. His projected salary at Brinkley is $45,700, inclusive of the $2,000 annual State of Arkansas retention grant, for a fiscal year difference of $8,140. After taking into account the back pay for the current school year through the date of the verdict, the remaining back pay for this school year is $6,105. *See Plaintiff's Trial Exhibits 15, 17, and 22.* Without taking any increases in salary into account at either Clarendon or Brinkley, the cumulative front pay through an additional twelve school years is $8,140 a year or $97,680. The total front pay that Plaintiff is seeking is $103,785. *See Mathieu v. Gopher News. Co.*, 273 F.3d 769, 779 (8th Cir. 2001) (upholding award of front pay for eight years or until retirement age); *Belk v. City of Eldon*, 228 F.3d 872, 883 (8th Cir. 2000) ( affirming district court's award of ten years' front pay

or until normal retirement age in First Amendment case); and *Hukannen v. Intern. Union of Operating Engineers*, 3 F.3d 281, 285-86 (8th Cir. 1993) (ten years of front pay). *See also Baker v. John Morrell & Co.*, 263 F.Supp. 2d 1161, 1187 (N.D. Iowa, May 21, 2003) (adopted Second Circuit approach in which future salary increases not considered in front pay award and thus eliminating need to discount award to present value).

## III.    The Court should grant pre-judgment interest to Plaintiff

Plaintiff also moves that the Court grant him pre-judgment interest in order to make him whole.  Pre-judgment interest "is to be awarded whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal." *Finan v. Good Earth Tools, Inc.*, Slip Copy, 2008 WL 1805639, *9 (E.D. Mo., April 21, 2008) (citing *Cargill, Inc. v. Taylor Towing Service*, 642 F.2d 239, 241 (8th Cir. 1981).   Pre-judgment interest is customarily awarded because "(1) it helps compensate plaintiffs for true cost of money damage that have occurred, (2) where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation." *EEOC v. Rath Packing Co.*, 787 F.2d 318, 333 (8th Cir. 1986).   Both purposes of pre-judgment interest are satisfied in Plaintiff's instance. The jury awarded Vance back pay in the amount of $67,000.  If Vance receives pre-judgment interest, then he will be compensated for the true cost of his back pay as determined by the jury. Moreover, the Brinkley Public Schools will be encouraged to make a better attempt to settle similar cases.

Respectfully submitted,


 /s/ Shawn G. Childs
Shawn G. Childs, Bar No. 99058

3

John W. Walker, Bar No. 64046

JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
(501) 374-3758
(501) 374-4187 (fax)
e-mail: schilds@gabrielmail.com

## CERTIFICATE OF SERVICE

I do hereby state that on October 8,  2008,  a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/EF, which shall send notification of such filing to the following:

W. Paul Blume
Attorney at Law
808 Martin Luther King, Jr. Drive
Little Rock, AR 72202-3631

pblume@arsba.org

/s/ Shawn G. Childs
Shawn G. Childs

4