**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**EMANUAL VANCE**                                          **PLAINTIFF**


**vs.**                          **No.  2:05CV00316-WRW**


**BRINKLEY PUBLIC SCHOOLS; BETTY
MCGRUDER, in her official capacity as Superintendent
of the Brinkley Public Schools; RANDOLPH CANNON,
in his individual and official capacities as Principal
of Brinkley High School**                                 **DEFENDANTS**

*BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS*

## I.    Preliminary Statement

On September 25, 2008, a jury found that the Brinkley Public Schools and Randolph

Cannon had discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. §

1983.   The jury did not assess any monetary damages against Cannon, but found that Brinkley

Public Schools should pay Plaintiff a total of $120,492.75 in actual damages.   On September 26,

2008, the Court entered a Judgment on Jury Verdict in the same amount together with post-judgment

interest.   Plaintiff moves that the Court grant him attorney's fees and costs as the prevailing party

in this lawsuit under 42 U.S.C. § 1988.   He is entitled to fees according to the "lodestar" calculation

for reasonable fees because his attorneys achieved excellent results for him.   Plaintiff requests that

the Court award him a total of $32,692.50 in attorney's fees and $1,581.55 in costs.

## II.    Argument

In an action to enforce a provision of a civil rights law such as 42 U.S.C. § 1983, a district

court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable

attorney's fee as part of the costs, . . ." 42 U.S.C. § 1988.   Plaintiff was the prevailing party on his discharge claim, the only claim that went before the jury.   The only other claim that Plaintiff had in his Amended Complaint was a claim of racial discrimination in the terms and conditions of his employment that was dismissed by the Court upon summary judgment.   Plaintiff filed his lawsuit, however, because he was discharged.   Richard Young was the only Defendant that was dismissed. He was dismissed solely because Plaintiff's claim had been discharged in Young's bankruptcy. *See Reel v. Arkansas Dep't of Correction*, 672 F.2d 693 (8th Cir. 1982).

The ordinary starting point for a fee award is multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v, Eckerhart,* 461 U.S. 424, 433 (1983). Plaintiff's counsel, Shawn G. Childs, expended 171.9 billable hours in this case, of which 8.7 hours were spent preparing this fee petition. *See Concord Boat Corp. v. Brunswick Corp.*, 34 F.Supp. 2d 1125, 1132 (E.D. Ark. 1988) (time expended in pursuit of attorney's fees and costs counted at normal hourly rate).   The attached statement of professional services shows that the hours spent on Plaintiff's case were reasonably expended to develop Plaintiff's claims through discovery, to respond to dispositive motions, to prepare diligently for trial, and to try the case well enough to obtain a successful jury verdict. *Exhibit A to Affidavit of Shawn G. Childs.*   The hourly rate that Mr. Childs currently bills his clients is $175 an hour.   This rate is commensurate with the rate charged by attorneys of Mr. Childs' skill and experience in civil rights work in the local legal community.   Most recently, in 2007, Judge Willard Proctor, Jr.,  awarded Mr. Childs attorney's fees at the rate of $150 an hour for his work in *Robinson v. City of North Little Rock, et al.*, Civil Action No. CV04-7910, Circuit Court of Pulaski County Fifth Division, a civil rights case brought under the Arkansas Civil Rights Act. *Exhibit B to Affidavit of Shawn G. Childs*.   Mr. Walker's rate of $400 an hour is

substantiated by his affidavit which is attached and incorporated by reference. *Affidavit of John W. Walker*.   Plaintiff is requesting that the Court grant him attorney's fees at the current hourly rates of his counsel for all of the hours expended on his behalf. *See Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319 (8th Cir. 1993) ("[i]n setting fees for prevailing counsel, the courts have regularly recognized the delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value."*), quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 716 (1987).

In *Hensley*, the Supreme Court stated, "Normally when a plaintiff has obtained excellent results, his attorney should receive a fully compensatory fee."  *Id*. at 435.   Plaintiff obtained excellent results because he was awarded $120,492.75 by the jury.  In addition, Plaintiff may even be awarded more in damages.  He has filed a Motion for Equitable Relief, which is pending, in which he has requested both front pay and prejudgment interest.  The amount of front pay and prejudgment interest that Plaintiff has requested is over $100,000.

Plaintiff is also seeking reimbursement for his costs in pursuing his case.  The list of costs include deposition costs, photocopying expenses for trial, travel expenses (hotel and gas charges), and witness fees.  One of the subpoenaed witnesses came to trial in Helena from Texarkana, Arkansas, and another witness came from Mountain Home, Arkansas.  Plaintiff requests that the Court award him a total of $1,581.55 in costs pursuant to 42 U.S.C. § 1988(b). *See Exhibit A to Affidavit of Shawn G. Childs*.

## III.    Conclusion

Based upon the foregoing argument, the Court should grant Plaintiff attorney's fees in the amount of $32,692.50 and costs in the amount of $1,581.55

Respectfully submitted,


 /s/ Shawn G. Childs
Shawn G. Childs, Bar No. 99058
John W. Walker, Bar No. 64046

JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
(501) 374-3758
(501) 374-4187 (fax)
e-mail: schilds@gabrielmail.com

## CERTIFICATE OF SERVICE

I do hereby state that on October 17, 2008,  a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/EF, which shall send notification of such filing to the following:

W. Paul Blume
Attorney at Law
808 Martin Luther King, Jr. Drive
Little Rock, AR 72202-3631

pblume@arsba.org




 /s/ Shawn G. Childs
Shawn G. Childs

4