IN THE UNITED STATES DISTRICT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


EMANUEL VANCE                                                          PLAINTIFF

vs.                              No. 2:05 CV 316 WRW

BRINKLEY SCHOOL DISTRICT, *et al.*                                     DEFE
                                                                       NDAN
                                                                       TS


BRIEF IN SUPPORT OF
DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

The Defendants do not assert that the Plaintiff is not a "prevailing party" as contemplated by

42 U.S.C. §1988, which provides for an award of fees and costs to a prevailing party (as long as the

party is a plaintiff).  As a result, the Plaintiff is entitled to an award of fees and costs.  However, the

entitlement to such an award is based on the reasonableness of the claim and the ability of the

Plaintiff to establish a legitimate market rate for the attorneys.

In this case, the Plaintiff has not established a market rate; and portions of the claim for fees

and costs are unfounded.

For example, the Plaintiff claims hours for a lawsuit which had been filed previously

but which was dismissed at the instance of the Plaintiff.  Those claims begin on page 1 of the

attorneys' time entries with the drafting of the Complaint for that lawsuit on August 18, 2004,

through the drafting of the motion for voluntary dismissal on August 1, 2005.

The Complaint in this case was not filed until December 8, 2005.  Even though the

allegations of that first lawsuit were similar and involved the same set of facts, that case was filed

in the Western Division (Little Rock) of the Eastern District of Arkansas, whereas this lawsuit was

filed and tried in the Eastern Division (Helena).  For reasons unknown, the Plaintiff decided to

dismiss that lawsuit, putting the Defendants in the position of having expended considerable sums

to defend a lawsuit which never was tried.  The Plaintiff claimed for the previous, untried lawsuit,

from August 18, 2004, through the dismissal of the case on August 1, 2005, a total of 43.3 hours.

Those hours should be deducted from any fee award.

In addition, the Plaintiff's lawyers have failed to establish a market rate for their hourly fees.

They have attached their own affidavits, as well as an order from a Pulaski County circuit judge, in

an attempt to establish they are entitled to the hourly rates they claim.  However, their own affidavits

do not establish a market rate.  The entire basis for the purported establishment of an hourly rate is

what has been awarded them in the past by courts in fee-shifting cases.

A court does not establish a market rate any more than the Plaintiff's lawyers can, by *ipse*

*dixit*, otherwise known as hearsay or self-serving statements, establish a market rate.  In *Blum vs.*

*Stenson*, 465 U.S. 886, 896 (1984), the Supreme Court noted that "the burden is on the fee applicant

to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested

rates are in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience, and reputation.  A rate determined in this way is normally deemed to

be reasonable, and is referred to – for convenience – as the prevailing market rate."

That is, the burden is on the Plaintiff's lawyers to provide the Court with substantial evidence

of a market rate in this instance, more substantial than their own, self-serving justifications for what

they are asking the Court to award them and, on the other side of that coin, to impose on the

impecunious Brinkley School District.  Four hundred dollars per hour for Mr. Walker is a very high

rate for attorneys in this state; and Mr. Childs's claim for $175.00 per hour is high in this state for

a lawyer who has approximately ten to eleven years of experience.  As noted in the attached

Affidavit by undersigned counsel, that is the rate which he charges willing, paying clients, including

in this case, even though he has been practicing in the field of school law, including considerable

civil rights cases, for twenty-six, almost twenty-seven years.

The Plaintiff must produce "specific evidence of the 'prevailing market rates in the relevant

community' for the type of work" performed herein.  *Spell vs. McDaniel*, 842 F.2d 1380, 1402 (4th

Cir. 1987) (quoting *Blum vs. Stenson*, *supra*, 465 U.S. at 895).  The only actual market evidence

before the Court of any lawyer engaging in this type of work is contained in the Affidavit attached

hereto.  The Plaintiff's lawyers have provided only evidence of the rates they apparently have

convinced other courts to award them, without a single reference to what a willing client in the free

market for attorneys' services has paid.

In short, what the Plaintiff relies on are only the affidavits of the Plaintiff's lawyers,

themselves, and a copy of an order from a state circuit judge who ordered an award of fees to Mr.

Childs in an amount less than he is claiming in his fee motion.  According to all of the judicial

precedent on attorneys' fees under 42 U.S.C. §1988, that is insufficient to establish any rate for the

Plaintiff's lawyers.

Plaintiff also asks that his lawyers be paid for travel time. (Four hours of travel time are

sought in the context of the previous, dismissed lawsuit). Some courts have held that travel time is

not compensable, at all.  *E.g., Shannon vs. U.S. Department of Housing and Urban Development*,

433 F.Supp. 249 (E.D. Pa. 1977); *Central Delaware Branch of NAACP vs. Dover*, 123 F.R.D. 85

(D.C. Del. 1988).   Others have reduced the rate for travel time to one-half of the regular rate, reasoning that no substantive work is being done which would justify a full hourly rate.  *Knoeffler vs. Town of Mamakating*, 126 F.Supp.2d 305 (S.D.N.Y. 2000).  The Eighth Circuit has approved a reduction by one-half of a regular hourly rate, without commenting on the propriety of denying payment for travel time is permissible.  *McDonald vs. Armontrout*, 860 F.2d 1456 (8th Cir. 1988).

Therefore, to the extent that the Court awards any amount to the Plaintiff by way of fees, any travel time should be excluded.

Some entries in the time sheets for Plaintiffs' counsel are too vague to allow the Defendants to review them with a view toward determining whether they are legitimate or whether, if legitimate, the hours expended are excessive or appropriate.  For example, all references to trial preparation are without definition of the nature of the preparation.  Most telephone calls are entered with only the name of the person being spoken with, without an explanation of the nature of the call, or its purpose.  There being no means of examining those entries for appropriateness, the Defendants object to them in their entirety.

In addition, there are numerous entries which relate only to the action against Separate Defendant Richard Young, a Defendant who was dismissed from this case due to his having filed bankruptcy.  For example, after having expended what seems to be an excessive amount of time reviewing Dr. Young's Motion for Summary Judgment (May 12, 2007), there are a number of entries which relate only to Dr. Young and his summary judgment request.  That motion on behalf of Dr. Young had no bearing on the case which the Plaintiff brought against these Defendants.  That Motion for summary Judgment was denied by the Court, was not filed by these Defendants, and had no effect on the ultimate outcome of this litigation.  As a result, the hours claimed for any of the

work expended in dealing with Dr. Young's portion of this case should not be the responsibility of

these Defendants.  The Plaintiff did not prevail against Dr. Young, and the interests of Dr. Young

and these Defendants were sufficiently at odds so as to require separate counsel.

Furthermore, the Plaintiff's lawyers seek to charge the Defendants for conferences among

themselves.  There is nothing in the Plaintiff's fee petition, nor in the complexity of this case, which

justifies two lawyers being paid, and especially if the time entries are for speaking with each other.

Finally, the costs sought by the Plaintiff are unjustified.  They seek reimbursement for the

cost of copies and for depositions.  There is no justification for the request for copies or postage

(which is not separately listed), nor for the cost of depositions.

Allowable costs are set out in 28 U.S.C. §1920.  Deposition transcript fees and copying costs

are allowable under that statute if they are "necessarily obtained for use in the case."  The Eighth

Circuit has upheld the refusal by a district court to award costs of depositions if they were taken

solely for the purpose of discovery.  A "purely investigative" deposition is not compensable. *Marmo*

*vs. Tyson Fresh Meats*, 457 F.3d 748, 762 (8th Cir. 2006).

## CONCLUSION

The Plaintiff has failed to establish a market rate for attorneys' fees. He has neither produced

affidavits of other than his own lawyers, nor has he produced any evidence that these lawyers have

been paid the amounts claimed by other than court orders (although they have not done that at the

rate levels requested).  The Plaintiff is attempting to set his own, arbitrary fee rates, without regard

to the actual market.

The terseness and opacity of the time entries militate against any attempt to divine the actual

purposes of those entries, making the analysis by this Court and the Defendants of the

appropriateness of a given entry impossible.

He seeks compensation for time expended in a previous incarnation of the case, which case was dismissed at the request of the Plaintiff. He also asks the Court to award him fees for time expended in pursuing a case against Dr. Richard Young, whose interests were adverse to these Defendants and who was dismissed from the case altogether prior to trial.

The Plaintiff has not justified the costs requested, and merely seek to recover all out-of-pocket expenses, regardless of whether they are justified by necessity or convenience. Section 1988 was not designed to enrich a plaintiff's counsel for whatever time and expense claimed, but only for those matters on which he prevailed. Even if he had prevailed against Dr. Young, Dr. Young would have been responsible for the fees and expenses directed at the portion of the lawsuit against him, not these Defendants.

As a result, the Defendants request that the Court deny the Plaintiff's Motion for Attorneys' Fees and Costs, or, in the alternative, substantially reduce the request to take into account the factors discussed above.

Respectfully submitted,

/s/ W. Paul Blume

_____
W. PAUL BLUME            No. 79018
808 Martin Luther King Drive
Little Rock, Arkansas 72202
(501) 375-7922

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief was filed through the CM/ECF system of the Court and that a copy will be forwarded to Mr. Shawn Childs, attorney for the Plaintiff, via electronic means this 14th day of November, 2008.

/s/ W. Paul Blume

_____
W. PAUL BLUME