IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EMANUAL VANCE                                                                                    PLAINTIFF

vs.                                            2:05CV00316-WRW

BRINKLEY PUBLIC SCHOOLS, et al.                                              DEFENDANTS

## ORDER

Pending is Plaintiff's Motion For Equitable Relief (Doc. No. 58). Defendants have responded (Doc. No. 64). For the reasons set out below, Plaintiff's Motion is GRANTED in part, and DENIED in part.

## I. BACKGROUND

Plaintiff, an African American, was employed as an Industrial Education Instructor by Defendant Brinkley Public Schools from 1984 until the 2002-2003 school year, when his contract was not renewed.[1]

On September 25, 2008, a jury found that Defendants discriminated against Plaintiff based on race in violation of 42 U.S.C. § 1983 when Defendants did not renew Plaintiff's contract. The jury awarded Plaintiff $120,492.75 in actual damages. On September 26, 2008, the Court entered a Judgement on Jury Verdict in that amount, plus post-judgment interest.

Plaintiff filed a Motion for Equitable Relief, asking for reinstatement, or, in the alternative, front pay.[2] Defendants objected to Plaintiff's request.[3]

---

[1]Doc. No. 22.

[2]Doc. No. 58.

[3]Doc. No. 64.

1

**II. DISCUSSION**

Reinstatement and front pay are equitable remedies.[4] The Court has discretion to award or deny equitable relief.[5] "Ordinarily, reinstatement would follow a finding of § 1983 liability for nonrenewal of a teaching contract; in extraordinary circumstances, however, reinstatement may not be the appropriate remedy."[6]

**A. Reinstatement**

Reinstatement may not be appropriate when the teacher-principal relationship was so badly damaged that it could not be reestablished[7] and when there was extreme hostility between a discharged teacher and that teacher's colleagues and superiors.[8] Reinstatement also may be inappropriate when there is no position available in which to reinstatement the plaintiff at the time of judgment;[9] a discharged employee is no longer fit for the job from which he was discharged;[10] or when a discharged employee's own post-termination conduct prevents him from being reinstated.[11]

---

[4]See *Brooks v. Woodline Motor Freight, Inc.*, 852 F.2d 1061, 1065 (8th Cir. 1988).

[5]*Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir. 1982).

[6]*Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 322 (8th Cir. 1993) (citing *Dickerson v. Deluxe Check Printers, Inc.*, 703 F.2d 276, 281 (8th Cir. 1983)).

[7]*Cowan v. Strafford R-VI Sch. Dist.*, 140 F.3d 1153, 1160 (8th Cir. 1998).

[8]*Standley*, 5 F.3d at 322.

[9]See *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1103 (3d Cir. 1995).

[10]See *Thomlison v. City of Omaha*, 63 F.3d 786 (8th Cir. 1995).

[11]See *Sellers v. Mineta*, 358 F.3d 1058 (8th Cir. 2004).

Directing Defendant Brinkley School District to reinstate Plaintiff is impractical for multiple reasons. Defendant Brinkley School District currently has a building trades instructor. Ordering Plaintiff's reinstatement would "disrupt the employment of others."[12] Further, Plaintiff taught small classes consisting of 6-7 students.[13] Brinkley School District does not need to hire an additional building trades instructor, nor does it have the financial resources to do so.[14] Additionally, there was evidence presented at trial that Defendant Brinkley School District offered Plaintiff a different job after Plaintiff was aware his contract would not be renewed, but that Plaintiff expressed no interest in the job. While the evidence presented was not conclusive as to the specifics of the job, how the job was offered, and, allegedly, how the job was declined, it does appear that Defendant approached Plaintiff about employment in another position.

Evidence was presented at trial that Plaintiff left his students unsupervised. Defendant Brinkley School District exposed itself to unnecessary liability and its students to harm through Plaintiff's actions. While the jury in this case found Defendants discriminated against Plaintiff, Defendant Brinkley School District did eventually terminate the employment of another teacher Plaintiff identified as similarly situated. These factors lead me to believe that Plaintiff should not be reinstated.

**B. Front Pay**

With respect to front pay, the Court, in its discretion, may consider the following factors -- among others -- in determining how much front pay to award: "an employee's duty to

---

[12] *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990) (denial of reinstatement upheld where reinstatement was impractical).

[13] Doc. No. 64.

[14] *Id.*

mitigate, the availability of employment opportunities, [and] the period within which one by reasonable efforts may be re-employed . . . ."[15]

Given the circumstances of this case, Plaintiff will be awarded front pay, but not in the amount he requested. Considering the effect of the jury's verdict in making Plaintiff whole, and Plaintiff's duty to mitigate (Plaintiff applied to only three teaching jobs during the four years after his termination), Plaintiff is awarded two years of front pay in the amount of $8,000 per year, for a total of $16,000. "Longer terms of front pay are usually awarded when it is unlikely that the plaintiff will ever be able to achieve the level of income and responsibility that he enjoyed in his earlier position . . . ."[16] The facts in this case do not support an award of a longer term of front pay. Accordingly, Plaintiff's Motion For Equitable Relief is DENIED as to reinstatement, but GRANTED in connection with front pay in the amount of $16,000.

IT IS SO ORDERED this 23rd day of December, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[15]*Arban v. West Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003).

[16]See *Ollie v. Titan Tire Corp.*, 33 F.3d 680, 688 (8th Cir. 2003).