IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EMANUAL VANCE                                                                                           PLAINTIFF

vs.                                              2:05-CV-00316-WRW

BRINKLEY PUBLIC SCHOOLS, *et al.*                                                     DEFENDANTS

**ORDER**

Pending is Plaintiff's Motion for Clarification of Order Dated December 23, 2008 (Doc. No. 77). Defendants have not responded, and the time for doing so has passed. Plaintiff asks the Court to address Plaintiff's earlier request for prejudgment interest,[1] since the December 23, 2008, Order[2] did not rule on Plaintiff's previous request.

Prejudgment interest may be awarded when the amount of the underlying liability can be reasonably ascertained and when the relief already granted does not make the claimant whole because he was denied the use of money to which he was legally entitled.[3] "Generally, prejudgment interest should be awarded 'unless exceptional or unusual circumstances exist making the award of interest inequitable.'"[4] Prejudgment interest "compensates a plaintiff for the money damages incurred and . . . where liability and the amount of damages are fairly certain, it

---

[1] Doc. No. 58. In Defendants' Response (Doc. Nos. 64, 65) to Plaintiff's original Motion (Doc. No. 58), Defendants did not respond to Plaintiff's request for prejudgment interest.

[2] Doc. No. 76.

[3] *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 753 (8th Cir. 1986).

[4] *Frazier v. Iowa Beef Processors, Inc.*, 200 F.3d 1190, 1194 (8th Cir. 2000) (citing *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986)).

promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation."[5] A claimant may be awarded backpay, together with prejudgment interest.[6]

An award of prejudgment interest is appropriate in this case.

On September 25, 2008, the jury awarded Plaintiff $67,000 in backpay, and the judgment was entered on September 26, 2008. The interest rate is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment,"[7] or, in this case, 1.69%. Plaintiff does not suggest how the prejudgment interest should be calculated.

Awarding Plaintiff prejudgment interest on the entire backpay award for the entire time between when Defendant non-renewed Plaintiff's contract and the date of the judgment would be awarding Plaintiff interest on backpay before he "earned" the pay. Taking this into consideration, the prejudgment interest on Plaintiff's backpay award will be calculated as follows: interest on $20,000 for five years; plus interest on $20,000 for four years; plus interest on $27,000 for three years, for a total of $4,410.90.

Plaintiff's Motion for Prejudgment Interest (Doc. No. 77) is GRANTED in the amount of $4,410.90.

IT IS SO ORDERED this 6th day of February, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] *Philipp v. ANR Freight Sys.*, 61 F.3d 669, 674 (8th Cir. 1995) (citing *EEOC v. Rath Packing Co.*, 787 F.2d 318, 333 (8th Cir. 1986)).

[6] See *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931 (8th Cir. 2007).

[7] 28 U.S.C. § 1961(a).